IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

―――――――――――――――――――――――――――――――――

**COLORCOMM, INC.**
1875 Connecticut Avenue, NW, 10th Floor
Washington, D.C. 20009

        Plaintiff

  v.

**WOMEN OF COLOR IN PUBLIC RELATIONS**
**d/b/a WOMEN OF COLOR IN PR**
10695 Dean Martin Drive
Las Vegas, Nevada 89141

Serve:        Candice Mackel
                a/k/a Candice Nicole
                Chapter Leader
                8025 13th Street, Unit 305
                Silver Spring, Maryland 20910

                and/or

                Angie Rogers
                a/k/a Angie Collins
                a/k/a Anje Collins
                Manager/Director
                2605 Marvel Astoria Street
                Henderson, Nevada 89044

                and/or

                Fatoumata Barry
                a/k/a Fatou Barry
                5100 Parklawn Terrace, Apt. T2
                Rockville, Maryland 20852

                and/or

                Leslie Taylor
                a/k/a Leslie Monet
                25 Newberry Way
                Middletown, Connecticut 06457

Case No. 1:18-cv-00010

1

and/or

Brittany Mobley
173 S. Wilson Blvd
Mount Clemens, Michigan 48043

and/or

Tawanna Chamberlain
2661 Sabal Springs Cir., Apt. 203
Clearwater, Florida 33761

and/or

Monica Alexander
3616 Cardiff Ave., Suite 109
Los Angeles, California 90034

and/or

Jocelyn Chavis
a/k/a Jocelyn Noelle
7166 N 19th Street
Philadelphia, Pennsylvania 19125

AND

**ANGIE ROGERS a/k/a ANGIE COLLINS**
**a/k/a ANJE COLLINS**
2605 Marvel Astoria St.
Henderson, Nevada 89044

Serve:        Angie Rogers a/k/a Angie Collins
              a/k/a Anje Collins
              2605 Marvel Astoria St.
              Henderson, Nevada 89044

              and/or

              Angie Rogers a/k/a Angie Collins
              a/k/a Anje Collins
              610 8th St., Apt. 101
              Miami Beach, Florida 33139

AND

**CANDICE MACKEL**
**a/k/a CANDICE NICOLE**
8025 13th St., Unit 305
Silver Spring, Maryland 20910

Serve:         Candice Mackel
                a/k/a Candice Nicole
                8025 13th St., Unit 305
                Silver Spring, Maryland 20910

     AND

**FATOUMATA BARRY**
**a/k/a FATOU BARRY**
264 W. 40th Street
New York, New York 10018

Serve:         Fatoumata Barry
                a/k/a Fatou Barry
                264 W. 40th Street
                New York, New York 10018

     AND

**LESLIE TAYLOR**
**a/k/a LESLIE MONET**
25 Newberry Way
Middletown, Connecticut 06457

Serve:         Leslie Taylor
                a/k/a Leslie Monet
                25 Newberry Way
                Middletown, Connecticut 06457

     AND

**BRITTANY MOBLEY**
173 S. Wilson Blvd
Mount Clemens, Michigan 48043

Serve:         Brittany Mobley
                173 S. Wilson Blvd
                Mount Clemens, Michigan 48043

     AND

**TAWANNA CHAMBERLAIN**                          |
2661 Sabal Springs Cir., Apt. 203               |
Clearwater, Florida 33761                        |
                                                 |
Serve:          Tawanna Chamberlain             |
                2661 Sabal Springs Cir., Apt. 203 |
                Clearwater, Florida 33761         |
                                                 |
      AND                                        |
                                                 |
**MONICA ALEXANDER**                             |
3616 Cardiff Ave., Suite 109                     |
Los Angeles, California 90034                     |
                                                 |
Serve:          Monica Alexander                 |
                3616 Cardiff Ave., Suite 109      |
                Los Angeles, California 90034      |
                                                 |
      AND                                        |
                                                 |
**JOCELYN CHAVIS**                               |
**a/k/a JOCELYN NOELLE**                         |
7166 N 19th Street                               |
Philadelphia, Pennsylvania 19125                 |
                                                 |
Serve:          Jocelyn Chavis                   |
                a/k/a Jocelyn Noelle             |
                7166 N 19th Street               |
                Philadelphia, Pennsylvania 19125  |
                                                 |
      AND                                        |
                                                 |
**JANE DOE NOS. 1 THROUGH 20**                   |
                                                 |
                Defendants                       |

---

## COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, **COLORCOMM, INC.** ("Plaintiff" or "ColorComm"), in the above-entitled action, by and through its undersigned counsel, hereby demands judgment in the amounts set forth below and seeks injunctive and other relief as described herein against Defendants, **WOMEN OF COLOR IN PUBLIC RELATIONS** d/b/a **WOMEN OF COLOR IN PR**;

**ANGIE ROGERS** a/k/a **ANGIE COLLINS** a/k/a **ANJE COLLINS**; **CANDICE MACKEL** a/k/a **CANDICE NICOLE**; **FATOUMATA BARRY** a/k/a **FATOU BARRY**; **LESLIE TAYLOR** a/k/a **LESLIE MONET**; **BRITTANY MOBLEY**; **TAWANNA CHAMBERLAIN**; **MONICA ALEXANDER**; **JOCELYN CHAVIS** a/k/a **JOCELYN NOELLE**; and **JANE DOE NOS. 1 THROUGH 20** (collectively, "Defendants"), jointly and severally, and as its Complaint for Damages and for Injunctive and Other Relief states as follows:

## NATURE OF THE CASE

1.      Plaintiff brings this civil action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114 (2005); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (2012); violations of the U.S. Copyright Act, 17 U.S.C. § 101 (2010), *et seq.*; unlawful trade practices under the District of Columbia Consumer Protection Procedures Act, D.C. CODE §§ 28-3901 (2013), *et seq.*; and unfair competition and civil conspiracy under the common law of the District of Columbia. ColorComm seeks permanent injunctive relief to prevent WOCIPR from continued infringement of ColorComm's trademark and copyrights; an accounting of Defendants' revenues; compensatory damages; statutory and/or treble damages; an award of ColorComm's costs in this action, including attorneys' fees; and such other relief as this Court deems just and proper under the circumstances.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff, ColorComm, is a District of Columbia corporation, organized and operated under the laws of the District of Columbia, and has a principal place of business at 1875 Connecticut Ave., NW, 10th Floor, Washington, D.C. 20009.

3.      On information and belief, Defendant, **WOMEN OF COLOR IN PUBLIC RELATIONS** d/b/a **WOMEN OF COLOR IN PR** ("WOCIPR") is a private proprietorship operating throughout the United States, and, on information and belief, has a principal place of business at 10695 Dean Martin Drive, Las Vegas, Nevada 89141.  On information and belief, WOCIPR maintains local chapters in the metropolitan areas of New York, New York; Charlotte, North Carolina; Detroit, Michigan; Tampa, Florida; Los Angeles, California; Philadelphia, Pennsylvania; and New Haven, Connecticut.

4.      On information and belief, Defendant, **ANGIE ROGERS** a/k/a **ANGIE COLLINS** a/k/a **ANJE COLLINS** ("Rogers"), is an adult resident and citizen of the State of Nevada, eighteen (18) years of age or older at the time of this filing, and has a last known residential address at 2605 Marvel Astoria Street, Henderson, Nevada 89044.  On information and belief, Rogers is one of the founders of WOCIPR and operates WOCIPR's website and domain registration.  On information and belief, Rogers also regularly offers public relations and/or marketing services within the boundaries of the District of Columbia.

5.      On information and belief, Defendant **CANDICE MACKEL** a/k/a **CANDICE NICOLE** ("Mackel"), is an adult resident and citizen of the State of Maryland, eighteen (18) years of age or older at the time of this filing, and has a last known residential address at 8025 13th Street, Apt. 305, Silver Spring, Maryland 20910.  On information and belief, Mackel is a founder of WOCIPR and chapter leader for the Charlotte, North Carolina chapter of WOCIPR.  On information and belief, Mackel also regularly offers public relations and/or marketing services within the boundaries of the District of Columbia.

6.      On information and belief, Defendant, **FATOUMATA BARRY** a/k/a **FATOU BARRY** ("Barry"), is an adult resident and citizen of the State of New York, eighteen (18) years

of age or older at the time of this filing, and has a last known business address at 264 W. 40th Street, New York, New York 10018.  On information and belief, Barry is a founder of WOCIPR and chapter leader for the New York chapter of WOCIPR.

7.     On information and belief, Defendant, **LESLIE TAYLOR** a/k/a **LESLIE MONET** ("Taylor"), is an adult resident and citizen of the State of Connecticut, eighteen (18) years of age or older at the time of this filing, and has a last known residential address at 25 Newberry Way, Middletown, Connecticut 06457.  On information and belief, Taylor is a founder of WOCIPR and chapter leader for the Connecticut chapter of WOCIPR.

8.     On information and belief, Defendant, **BRITTANY MOBLEY** ("Mobley"), is an adult resident and citizen of the State of Michigan, eighteen (18) years of age or older at the time of this filing, and has a last known residential address at 173 S. Wilson Blvd., Mount Clemens, Michigan 48043.  On information and belief, Mobley is a founder of WOCIPR and chapter leader for the Michigan chapter of WOCIPR.

9.     On information and belief, Defendant, **TAWANNA CHAMBERLAIN** ("Chamberlain"), is an adult resident of the State of Florida, eighteen (18) years of age or older at the time of this filing, and has a last known residential address at 2661 Sabal Springs Circle, Apt. 203, Clearwater, Florida 33761.  On information and belief, Chamberlain is a founder of WOCIPR and chapter leader for the Tampa chapter of WOCIPR.

10.     On information and belief, Defendant, **MONICA ALEXANDER** ("Alexander"), is an adult resident and citizen of the State of California, eighteen (18) years of age or older at the time of this filing, and has a last known business address at 3616 Cardiff Ave., Suite 109, Los Angeles, California 90034.  On information and belief, Alexander is a founder of WOCIPR and chapter leader for the Los Angeles chapter of WOCIPR.

11.     On information and belief, Defendant, **JOCELYN CHAVIS** a/k/a **JOCELYN NOELLE** ("Chavis"), is an adult resident and citizen of the Commonwealth of Pennsylvania, eighteen (18) years of age or older at the time of this filing, and has a last known residential and/or business address at 7166 N 19th Street, Philadelphia, Pennsylvania 19125.   On information and belief, Chavis is a founder of WOCIPR and chapter leader for the Philadelphia chapter of WOCIPR.

12.     Plaintiff is presently unaware of the true names of the Defendants identified in the Complaint under the fictitious names "**JANE DOE NOS. 1 THROUGH 20**" (the "Doe Defendants").   On information and belief, the Doe Defendants, through their affiliation with WOCIPR and otherwise, are unlawfully and unfairly using, without authorization, Plaintiff's "COLORCOMM WOMEN OF COLOR IN COMMUNICATIONS®" trademark, and confusingly similar variations thereof, in connection with their business(es) and/or personal activities, including, but not limited to, through conferences, events, websites, marketing, social media, and other forms of online, print, and in-person advertising that promote, market, and sell WOCIPR products and services.   Plaintiff will amend its Complaint to identify the names of the Doe Defendants as they are discovered.

13.     This action arises out of federal law, as well as the local common law of the District of Columbia.   Accordingly, this Court has subject matter jurisdiction over this action pursuant to Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121 (1998) and pursuant to 28 U.S.C. § 1331 (1980); 28 U.S.C. § 1338 (2011); and 28 U.S.C. § 1367 (1990).   This Court has subject matter jurisdiction over the related District of Columbia claims pursuant to 28 U.S.C. §§ 1338 and 1367.

14.     On information and belief, pursuant to the District of Columbia's long arm statute, D.C. CODE § 13-423(a)(1)-(4) (1983), this Court has personal jurisdiction over each of the Defendants by virtue of their doing business within the District of Columbia and in this judicial district and their extensive contacts with the District of Columbia and this judicial district so as to submit themselves to the jurisdiction and process of this Court, including at least the following acts: (a) offering to sell, advertising, and promoting their products and services, using the infringing mark in the District of Columbia and the United States; (b) causing WOCIPR memberships to be sold in the District of Columbia and in this judicial district; and (c) committing violations of the Lanham Act and Copyright Act here.  Further, the causes of action asserted in this Complaint arise out of Defendants' contacts with this judicial district, and Defendants have caused tortious injury to Plaintiff in this judicial district.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) (2011) because certain of the complained-of acts occurred in the District of Columbia and within this judicial district and because Defendants are subject to an exercise of personal jurisdiction in this judicial district.  According to its website, WOCIPR was launched in October 2017.

### FACTS COMMON TO ALL COUNTS

16.     Plaintiff is a national networking organization for multicultural women in the communications industry, which includes public relations; corporate communications; advertising print media; broadcast; and digital professionals.  ColorComm is dedicated to advancing the careers of women of color in communications.

17.     For nearly 7 years, ColorComm has connected women of color in the communications industry with other like-minded individuals and has built a strong network of leaders in the industry by creating mentor/mentee personal and business relationships to facilitate

and further its members' professional successes. As a result of its business efforts, ColorComm has become well-known in the field of communications and public relations and has generated substantial goodwill and an impeccable reputation in the industry. During this time, ColorComm has operated with the name and tag line "ColorComm: Women of Color in Communications."

18. ColorComm interacts with upwards of 40,000 members of the public relations and communications community through locally- and nationally-focused events on a regular basis.

19. ColorComm has local chapters in Washington, D.C.; New York, New York; Chicago, Illinois; Los Angeles, California; Dallas, Texas; Miami, Florida; and Atlanta, Georgia, which represent ColorComm's target metropolitan markets.

20. ColorComm also hosts annual conferences featuring keynote speakers such as Soledad O'Brien, Lisa Ling, Gloria Steinem, and Arianna Huffington.

21. To protect its business and reputation, and in addition to its common law trademark rights, Plaintiff obtained, and is presently the owner of, U.S. Trademark Reg. No. 4,401,413, which was issued by the United States Patent and Trademark Office ("USPTO") on September 10, 2013, for "COLORCOMM WOMEN OF COLOR IN COMMUNICATIONS®" for "membership club services, namely, providing training to members in the field of professional development." Exhibit A – Certificate of Registration. A true and correct copy of the trademark is shown below:



22. COLORCOMM uses the name and logo on COLORCOMM's website and promotional materials related to its business, sponsored activities and events, and annual

conferences.  It is prominently displayed on the homepage of "www.colorcommnetwork.com," an excerpt of which is shown below:



23.     ColorComm has used the mark "COLORCOMM WOMEN OF COLOR IN COMMUNICATIONS" in commerce, continuously and without interruption, since at least May 1, 2011.

24.     Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of the "COLORCOMM WOMEN OF COLOR IN COMMUNICATIONS" mark and the products and services offered thereunder.

25.     Pursuant to 15 U.S.C. § 1057(b) (2010), Plaintiff's federal trademark registration is *prima facie* evidence of the validity of this mark, as well as ColorComm's ownership and exclusive right to use this mark in commerce in connection with the goods and services identified in the registration.

26.     ColorComm also has copyrights in the content published on its website at www.colorcommnetwork.com ("Copyrights"), pursuant to 17 U.S.C. §§ 101, *et seq.*  Although it

is not necessary to preserve ColorComm's copyrights, ColorComm's website includes a conspicuous notice alerting all viewers to ColorComm's copyright to its website content, as follows: "© Copyright 2015 ColorComm Network. All Rights Reserved | ColorComm, Inc. | National ColorComm Conference."

27.     To exploit and freeride on Plaintiff's goodwill and reputation, Defendants adopted and began using the phrase "Women of Color in PR" for their organization upon WOCIPR's launch to provide services and sponsor events in the communications industry space substantially similar to those provided by ColorComm, attempting to poach ColorComm's customers, and causing confusion for ColorComm's members, customers, clients, and the public.  Defendants also targeted the same metropolitan areas as ColorComm does, placing them in direct competition with ColorComm.

28.     On information and belief, and as noted on WOCIPR's website, www.wocinpr.com, Defendant WOCIPR launched in October 2017.

29.     According to domain name registration information available at www.whois.icann.org, Defendant Rogers registered WOCIPR's website  on or around September 23, 2017 and listed the address for the registrant in Las Vegas, Nevada.  *See* Exhibit B – www.whois.icann.org Domain Registration Information for www.wocinpr.com.

30.     Defendants adopted ColorComm's business model and membership pricing structure, and have affiliated themselves with certain individuals in the industry (including award recipients and keynote speakers at conferences) that have previously worked and continue to work with ColorComm.

31.     On information and belief, WOCIPR was not registered as a corporation or other business entity upon creation, and it continues to remain unregistered to this day.  Instead,

Defendant Rogers, through the operation of the WOCIPR website and otherwise; Defendants Mackel, Barry, Taylor, Mobley, Chamberlain, Alexander and Chavis, through the operation of various local chapters of WOCIPR and otherwise; and the Doe Defendants, continue to exploit and freeride on Plaintiff's goodwill and reputation.

32.     By providing substantially similar services to the same customers and in the same locations as ColorComm, and doing so with identical or substantially similar public events and promotional materials, customers are likely to believe that Defendants' products and services are those of Plaintiff, or that Defendants are associated with, licensed or endorsed, or otherwise authorized by ColorComm.

33.     ColorComm's website identifies scheduled ColorComm-sponsored events in Los Angeles, New York, Atlanta, Chicago, and Dallas in the coming months.  WOCIPR's website states that, in the future, it will host luncheons, dinners, seminars and/or conferences in each of these cities.

34.     In July 2017, ColorComm honored Kathy Baird ("Ms. Baird") with a 2017 ColorComm Circle Award, and Ms. Baird has spoken on multiple occasions at ColorComm's annual conference.  On November 28, 2017, WOCIPR advertised on its Instagram account that Kathy Baird would be a Keynote Speaker at WOCIPR's "Kick+Start+Smart Diversity in PR" Conference taking place January 27, 2018 in New York City.  The selection of Ms. Baird as a Keynote Speaker so shortly after COLORCOMM honored her is further evidence that WOCIPR intends to cause confusion in the marketplace in order to poach COLORCOMM's customers.

35.     This conduct, as well as Defendants' use of ColorComm's tag line, business model, membership pricing structure, and affiliates is likely to cause confusion in a very competitive marketplace.

36.     Defendants' operation of WOCIPR has, in fact, caused confusion in the marketplace to date.  In particular, ColorComm has received correspondence designed to reach WOCIPR representatives.  And, on information and belief, WOCIPR has also received correspondence designed to reach ColorComm.

37.     In creating the WOCIPR website, Defendants also usurped copyrighted material directly from ColorComm's website to advertise Defendants' services in direct competition with ColorComm.  Indeed, the content of WOCIPR's website was a verbatim, cut-and-paste recitation of the content on ColorComm's website.  Defendants even copied, verbatim, ColorComm's stated "Mission," its business model, and its membership structure.

38.     WOCIPR's intentional infringement of ColorComm's copyright is further evident from the fact that WOCIPR's website contained identical minor grammatical mistakes as are made on ColorComm's website.  And, the same content on each website was posted in bold and in italics.

39.     On December 5, 2017, ColorComm transmitted a cease and desist notice to an e-mail address identified on WOCIPR's website (info@wocinpr.com). *See* Exhibit C – Cease and Desist Notice and Cover E-mail dated December 5, 2017.  While WOCIPR did not directly respond to the cease and desist letter, the WOCIPR e-mail address sent a read receipt notice on December 5, 2017, indicating that the e-mail had been opened and that the name assigned to the e-mail address was "Angie rogers [sic]."  *See* Exhibit D – Read Receipt Notice dated December 5, 2017.

40.     Only a few days after the cease and desist notice was sent, the WOCIPR website was modified in ways that directly corresponded to the issues raised in the ColorComm cease

and desist notice.  However, Defendants continue to operate their organization, WOCIPR, in such a way as to infringe on ColorComm's intellectual property rights.

41.     In subsequent e-mail correspondence, Rogers, on behalf of WOCIPR, refused to cease activity that infringed on ColorComm's intellectual property rights and, despite the read receipt notice, claimed that the cease and desist notice was never received.  Exhibit E – E-mail Correspondence from Angie Rogers dated December 16, 2017.  Rogers also indicated that the info@wocinpr.com e-mail address was a "community email," confirming that other individuals have control over WOCIPR.  *See* Exhibit F – E-mail Correspondence from Angie Rogers dated December 18, 2017.

42.     Defendants' violation of Plaintiff's intellectual property rights is committed in bad faith and with full knowledge of their wrongdoing, and Defendants are deliberately trading on ColorComm's hard-earned reputation and goodwill to their benefit and ColorComm's detriment without authorization.

43.     On information and belief, Defendants have actual notice of ColorComm's rights in the "COLORCOMM WOMEN OF COLOR IN COMMUNICATIONS®" mark and copyright for content published at www.colorcommnetwork.com, and they have used the mark and copyrighted material in conscious disregard of Plaintiff's rights.

44.     Despite repeated demand, Defendants have refused to cease infringing activity.

**CAUSES OF ACTION**

**COUNT I – FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT**
**15 U.S.C. § 1114 (Lanham Act § 32)**

45.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 44 of this Complaint as if fully set forth and restated herein.

46.    Defendants' unauthorized and infringing use of the name "Women of Color in PR", which is confusingly similar to and includes a portion of Plaintiff's common law and federally-registered mark "COLORCOMM WOMEN OF COLOR IN COMMUNICATIONS®," is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' services by ColorComm.  The public is likely to believe that Defendants' products and services offered:  (i) originate with ColorComm; (ii) are licensed, sponsored, or approved by ColorCom; or (iii) in some way are connected with or related to ColorComm, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47.    On information and belief, Defendants' adoption and use of ColorComm's trademark and protected information has created actual confusion among consumers and customers, as evidenced by ColorComm receiving communications designed for WOCIPR and vice versa.

48.    On information and belief, Defendants' unauthorized and infringing use of ColorComm's common law and federally-registered mark and protected information was intentionally done with a view and purpose of trading on and benefitting from ColorComm's positive and substantial reputation and goodwill.  Such unauthorized use by Defendants constitutes intentional and willful infringement of ColorComm's rights in and to its common law and federally-registered mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

49.    On information and belief, Defendants' acts of trademark infringement have injured ColorComm in that ColorComm has suffered damage to its reputation and customer goodwill as a direct and proximate result of Defendants' unlawful conduct.  In addition, Defendants have been unjustly enriched by reason of their trademark infringement in that they

have achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of their unlawful conduct.

50.     Defendants' trademark infringement has caused, is causing, and will continue to cause irreparable and inherently unquantifiable injury and harm to ColorComm's business, reputation, and goodwill, unless this Court enjoins Defendants' unlawful conduct.

51.     ColorComm is entitled to injunctive relief, to recover all damages sustained by it as a result of Defendants' actions and/or all profits realized by Defendants through their use of ColorComm's common law and federally-registered mark in connection with the offering for sale and sale of its products and services, and to recover all costs of this action.

52.     Defendants' actions have been willful and deliberate, entitling ColorComm to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendants.

## COUNT II – FEDERAL UNFAIR COMPETITION
### AND FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(a) (Lanham Act § 43(a))

53.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 52 of this Complaint as if fully set forth and restated herein.

54.     Defendants' use of ColorComm's common law and federally-registered trademark constitutes false designation of origin, false or misleading description, and/or false or misleading representation, within the meaning of 15 U.S.C. 1125(a).  Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to WOCIPR's affiliation, connection, association, origin, sponsorship, endorsement, or approval of Defendants' products and/or services, to the detriment of ColorComm and in violation of 15 U.S.C. § 1125(a).

55.     On information and belief, Defendants' adoption and use of ColorComm's trademark and protected information has created actual confusion among consumers and customers, as evidenced by ColorComm receiving communications designed for WOCIPR and vice versa.

56.     On information and belief, Defendants' acts of trademark infringement have injured ColorComm in that ColorComm has suffered damage to its reputation and customer goodwill as a direct and proximate result of Defendants' unlawful conduct.  In addition, Defendants have been unjustly enriched by reason of their trademark infringement in that they have achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of their unlawful conduct.

57.     As a direct and proximate result of Defendants' trademark infringement, ColorComm has suffered irreparable and inherently unquantifiable injury and harm to ColorComm's business, reputation, and goodwill.

58.     Because Defendants have traded off ColorComm's common law and federally-registered mark willfully, ColorComm is entitled to an injunction, damages, disgorgement of Defendants' profits, treble damages, costs, and reasonable attorneys' fees.

## COUNT III – FEDERAL TRADEMARK DILUTION
### 15 U.S.C. § 1125(c) (Lanham Act § 43(c))

59.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 58 of this Complaint as if fully set forth and restated herein.

60.     As a result of Plaintiff's 7 years of use and promotion of the COLORCOMM WOMEN OF COLOR IN COMMUNICATIONS® name and mark for communications networking services, the mark has become famous in the relevant marketplace in the

metropolitan areas in which ColorComm operates and elsewhere.  Plaintiff's sales and promotion of its programs under its mark have been substantial and extensive.

61.     Defendants' unauthorized use of ColorComm's common law and federally-registered mark constitutes a commercial use in commerce and dilutes the distinctive quality of Plaintiff's famous common law and federally-registered mark.   On information and belief, Defendants willfully intended to trade on Plaintiff's reputation and to cause the dilution of the aforementioned trademark in violation of the Lanham Act § 43(c), 15 U.S.C. § 1125(c).

62.     Plaintiff has been and will continue to be, damaged by Defendants' dilution of ColorComm's common law and federally-registered mark in ways that cannot be fully measured or compensated in economic terms.  Defendants' actions have damaged, and will continue to damage, Plaintiff's business, market, reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiff.  Such irreparable harm will continue unless Defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

63.     Plaintiff has been further damaged by Defendants' actions in an amount to be proven at trial.

## COUNT IV – UNFAIR COMPETITION
## DISTRICT OF COLUMBIA COMMON LAW

64.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 63 of this Complaint as if fully set forth and restated herein.

65.     Defendants' conduct, as described herein, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with ColorComm, and as to the origin, sponsorship, or approval of Defendants' services, in violation of the common law of the District of Columbia.

19

66.     Defendant has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiffs.

67.     Defendant's unfair competition has been willful and deliberate.

### COUNT V – UNLAWFUL TRADE PRACTICES/VIOLATIONS OF THE DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT D.C. CODE §§ 28-3901, *et seq.*

68.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 67 of this Complaint as if fully set forth and restated herein.

69.     Defendants are each a "person" as defined by D.C. CODE § 28-3901(a)(1) (2013), as they are individuals, firms, corporations, cooperatives, associations, or any other organization, legal entity, or group of individuals however organized, and they are, therefore, subject to the District of Columbia's Consumer Protection Procedures Act ("CPPA").

70.      ColorComm, and each of its members, is a "consumer" as defined by D.C. CODE § 28-3901(a)(2), as it is a person who, other than for purposes of resale, does or would purchase, lease, or receive consumer goods or services, or does or would otherwise provide economic demand for a trade practice, and it is, therefore, subject to the CPPA.

71.     Defendants' infringement on ColorComm's common law and federally-registered trademark, as described herein, constitutes an unlawful trade practice under District of Columbia because, *inter alia*, it:

> (a) constitutes a representation that Defendants' goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have;

> (b) constitutes a representation that Defendants themselves have a sponsorship, approval, status, affiliation, certification, or connection that they do not have;

20

(c) fails to state a material fact, i.e., that Defendants' services are not endorsed by ColorComm, that tends to mislead the public;

(d) uses innuendo or ambiguity as to a material fact that tends to mislead the public;

(e) passes off goods or services as those of another; and

(f) otherwise violates the CPPA.

72.     Defendants infringement of ColorComm's common law and federally-registered mark has been knowing, willful, and deliberate.

73.     Pursuant to D.C. CODE § 28-3905(k)(2), ColorComm may recover or obtain the following remedies for Defendants' unlawful trade practices:

(a) treble damages, or $1,500 per violation, whichever is greater;

(b) reasonable attorneys' fees;

(c) punitive damages;

(d) an injunction against the use of the unlawful trade practice;

(e) additional relief as may be necessary to restore to consumers money or property, real or personal, which may have been acquired by means of the unlawful trade practice; and

(f) any other relief deemed proper by the Court.

74.     Plaintiff and its members have been damaged by Defendants' actions in an amount to be proven at trial.

**COUNT VI – VIOLATIONS OF U.S. COPYRIGHT ACT**
**17 U.S.C. §§ 101, *et seq*.**

75.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 74 of this Complaint as if fully set forth and restated herein.

76.     On information and belief, Defendants have infringed on ColorComm's Copyrights under, *inter alia*, 17 U.S.C. §§ 102, 106, 501, and 602 by copying, reproducing, making, displaying, importing, selling, and/or distributing infringing articles on Defendants' website, www.wocinpr.com, without authorization from ColorComm.

77.     Defendants' conduct, as alleged herein, has caused ColorComm irreparable harm for which there is no adequate remedy at law, and has also caused damage to ColorComm in an amount that cannot be accurately proven at this time but will be proven at trial.

78.     Defendants' conduct is blatant, wanton, and willful.

79.     For Defendants' copyright infringement, ColorComm is entitled to an injunction from future infringement, damages, disgorgement of Defendants' profits, treble damages, costs, and reasonable attorneys' fees.

## COUNT VIII – CIVIL CONSPIRACY

80.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 79 of this Complaint as if fully set forth and restated herein.

81.     On information and belief, Defendants herein reached an agreement to participate in the organized and systematic infringement of ColorComm's common law and federally-registered trademark as well as the infringement of ColorComm's copyright material on its website, as described herein.

82.     Plaintiff has been and will continue to be, damaged by Defendants' dilution of ColorComm's common law and federally-registered mark in ways that cannot be fully measured or compensated in economic terms.  Defendants' actions have damaged, and will continue to damage, Plaintiff's business, market, reputation, and goodwill, and may discourage current and

potential customers from dealing with Plaintiff.  Such irreparable harm will continue unless Defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

83.    Plaintiff has been further damaged by Defendants' actions in an amount to be proven at trial.

84.    All damage to ColorComm was caused pursuant to, and in furtherance of, Defendants' common scheme to trade on ColorComm's goodwill and usurp ColorComm's business contacts.

85.    As a result of this civil conspiracy, each of the Defendants is liable for the torts committed by any other Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ColorComm, respectfully requests that this Honorable Court enter Judgment against Defendants, and each of them, jointly and severally, and award the following relief:

a.    find that Defendants have infringed on ColorComm's common law and federally-registered trademark in violation of ColorComm's rights under 15 U.S.C. § 1114;

b.    find that Defendants have competed unfairly with ColorComm in violation of ColorComm's rights under common law and 15 U.S.C. § 1125(a);

c.    find that Defendants willfully infringed ColorComm's copyrights;

d.    upon the filing of a motion seeking such relief, enjoin, during the pendency of this action and permanently thereafter, Defendants and their officers, directors, agents, employees, successors, assigns, affiliates, and any person(s) in active concert or participation with them, and/or any persons(s) acting for, with, by, through or under them, from:

i.   manufacturing, selling, offering for sale, distributing, advertising, or promoting any products or services that are offered under and/or display "Women of Color in Public Relations" or "Women of Color in PR" or any words or symbols that so resemble ColorComm's mark as to be likely to cause confusion, mistake or deception, on or in connection with any products or services not authorized by or for ColorComm, including without limitation any product, website, domain name, or social media account bearing any of Defendants' designations which are the subject of this Complaint or any other approximation of ColorComm's mark;

ii.  using any word, term, name, symbol, device or combination of them that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants or their products or services with ColorComm or its products or services offered in connection with the ColorComm marks, or as to the origin of Defendants' products or services, or any false designation of origin, or false or misleading description or representation of fact;

iii. further infringing the rights of ColorComm in and to its trademark and copyrights or otherwise damaging ColorComm's goodwill or business reputation;

iv.  otherwise competing unfairly with ColorComm in any manner; and

v.   continuing to perform in any manner whatsoever any of the acts complained of in this Complaint.

e.      direct Defendants to file with this Court and serve on Plaintiff's counsel within thirty days after the service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which each Defendant has complied with the injunction;

f.      award ColorComm its damages and lost profits, in an amount that exceeds $75,000.00 and which will be determined at trial, plus treble and/or statutory damages, and punitive damages;

g.      require Defendants to account for any profits attributable to infringing products or services, and award ColorComm the greater of (a) three times Defendants' profits or (b) three times any damages sustained by ColorComm, under 15 U.S.C. § 1117, plus pre-judgment interest;

h.      pursuant to 15 U.S.C. § 504, award ColorComm Defendants' profits and all damages sustained by ColorComm based on Defendants' copyright infringement under 15 U.S.C. § 501;

i.      order an accounting of any and impose a constructive trust on all Defendants' funds and assets arising out of their infringing activities;

j.      award ColorComm its costs and disbursements incurred in connection with this action, including ColorComm's reasonable attorney's fees and expenses; and

k.      award all such other relief to ColorComm as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trail by jury of all issues triable of right by jury.


Dated: January 3, 2018                    Respectfully submitted,

Matthew E. Feinberg, Esq. (Bar No. 991638)
mfeinberg@pilieromazza.com
Sarah L. Nash, Esq. (Bar No. 1020214)
snash@pilieromazza.com
PilieroMazza PLLC
888 17th Street, N.W., 11th Floor
Washington, D.C. 20006
Ph: (202) 857-1000
Fx: (202) 857-0200

*Attorneys for Plaintiff, ColorComm, Inc.*